# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AERSALE, INC.,<br><br>    Defendant. | CIVIL ACTION NO:<br>1:16-cv-02970-LMM |
| AERSALE, INC.,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC,<br><br>    Counter-Defendants. | |
| AERSALE, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>MICHAEL D. WILLIAMS,<br><br>Third-Party Defendant. | |

# DEFENDANT AERSALE, INC.'S MOTION FOR ORDER TO SHOW CAUSE

Defendant/Counter-Plaintiff AerSale, Inc. ("AerSale") brings this motion seeking an order to show cause why Plaintiffs/Counter-Defendants Jetaire Aerospace, LLC and Jetaire Flight Systems LLC.; third-party Defendant Michael D. Williams; and/or Jetaire's and Mr. Williams's former counsel should not be held in civil contempt for violating the Protective Order (ECF No. 59) entered by the Court on March 13, 2017. In support of the motion, AerSale shows the following:

## Factual Background

1.      Jetaire Aerospace, LLC and Jetaire Flight Systems, LLC ("Jetaire") are related companies that are direct competitors to AerSale, Inc. AerSale and Jetaire both sell foam-based ignition mitigation systems for use in aircraft fuel tanks.

2.      Jetaire brought this action against AerSale on August 15, 2016, alleging among other things breach of a non-disclosure agreement and "distribut[ion of] trade secrets, proprietary information and confidential information … without Plaintiffs' prior authorization or consent." (ECF No. 1 ¶ 11.)

3. On August 16, 2016, Jetaire filed a motion for preliminary injunction (ECF No. 4), and on September 2, 2016, Jetaire filed a motion for temporary restraining order (ECF No. 8).

4. On September 19, 2016, during the hearing on its motions for preliminary injunction and temporary restraining order, Jetaire withdrew both motions. (ECF No. 18.)

5. On September 27, 2016, AerSale filed its answer and counterclaims, as well as third-party claims against Michael D. Williams, the principal of both Jetaire entities. (ECF No. 21.)

6. On March 13, 2017, the Court entered a Protective Order. (ECF No. 59.) An authentic duplicate of the Protective Order is attached hereto as Exhibit A.

7. The Protective Order provides, among other things, that:

> Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereafter collectively referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used, by the party or parties to whom the information is produced, solely for the purpose of litigating this case, including appeals. Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, including without limitation the prosecution of patent applications, unless otherwise agreed in writing by the producing party or so

ordered by a court. Under no circumstances shall persons substantively involved in the preparation, drafting, and/or prosecution of any patent application on behalf of a party to this case involving technology related to the field of the patents-in-suit be given access to "Confidential" or "Confidential—Attorneys' Eyes Only" Material.

(ECF No. 59 ¶ 2, pp. 2-3.)

8. The Protective Order further provides that "[e]ach person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order." (*Id.* at ¶ 10, p. 10.)

9. The Protective Order also provides that "[e]ach person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order." (*Id.* at ¶ 11, pp. 10-11.)

10. And the Protective Order provides that "[a]ll provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action,

unless otherwise agreed by all the parties or ordered by the Court." (*Id.* ¶ 16, p. 14.)

11. On April 17, 2017, Jetaire moved to compel arbitration. (ECF No. 83.)

12. On June 19, 2017, the Court granted the motion to compel arbitration. (ECF No. 105.)

13. On May 9, 2018, Norman Andrew Crain of the firm Thomas Horstemeyer LLP entered an appearance in this action on behalf of Jetaire and Mr. Williams. (ECF No. 106.)

14. The dispute proceeded to arbitration. On January 11, 2019, counsel for the parties—Eversheds Sutherland (US) LLP for AerSale and Thomas Horstmeyer LLP for Jetaire and Mr. Williams—submitted to the arbitration panel a proposed Stipulated Confidentiality Order incorporating the Protective Order that had been entered by this Court.

15. On January 14, 2019 the arbitration panel entered its Stipulated Confidentiality Order. The order, an authentic duplicate of which is attached as Exhibit B, provides that "[t]he terms of the Protective Order (ECF No. 59) that was entered on March 13, 2017, in the civil action styled *Jetaire Aerospace, LLC et al. v. AerSale, Inc.*, No.

1:16-CV-02970-LMM (N.D. Ga. arbitration compelled June 19, 2017), are adopted and incorporated into this Stipulated Confidentiality Order by reference, as modified below." (Ex. B. ¶ 1 at pp.1-2.)

16. The only modifications the arbitration panel made to the Court's order were (i) to extend the Order's coverage to the arbitration proceedings and (ii) to permit counsel to retain copies of filings, written discovery responses, transcripts, and attorney work product—but not to use them "other than for purposes of this arbitration and any judicial proceedings to confirm, enforce, modify, or vacate an award rendered in this arbitration. . . . (Ex. B.)

17. The order entered in the arbitration also provided that "[n]othing in this Stipulated Confidentiality Order is to be construed as limiting or otherwise modifying the Court's authority or jurisdiction with respect to the Protective Order." (*Id.* ¶ 9, p.3.)

18. On February 12, 2020, the arbitration panel issued its Corrected Final Award, awarding Jetaire nothing on its claims. (ECF No. 133-9.)

19. The Court confirmed the arbitration award on March 20, 2020. (ECF No. 134.)

20. On December 17, 2020, Jetaire filed a new complaint against AerSale, this time in the United States District Court for the Southern District of Florida. (S.D. Fla. Civil Action No. 1:20-cv-25144-DPG, ECF No. 1.)

21. Jetaire's new complaint includes claims alleging infringement of three patents: one that issued to Mr. Williams on December 26, 2017; one that issued to Jetaire Aerospace, LLC on April 28, 2020; and one that issued to Jetaire Aerospace, LLC on October 13, 2020. (*Id.* Exs. A, B, C.)

22. Jason Perilla of Thomas Horstemeyer—the same firm that represented Jetaire and Mr. Williams in the prior litigation—represented Jetaire Aerospace and Mr. Williams in the prosecution of the three patents.

23. The action filed in the Southern District of Florida remains pending before the Hon. Judge Darrin P. Gayles.

24. Jetaire and Mr. Williams have been represented in the case pending in the Southern District of Florida by the law firms Rozier Hardt McDonough PLLC; Heninger Garrison Davis, LLC; and Leon Cosgrove Jimenez, LLP.

25. During depositions of AerSale witnesses in the pending case, Jetaire's current counsel, Jonathan Hardt, introduced as exhibits "Confidential" and "Confidential—Attorneys' Eyes Only" documents that AerSale had produced during discovery in the prior case (*i.e.*, the case filed in this Court).

26. Counsel for AerSale asked Mr. Hardt at an AerSale deposition, and then in a letter dated March 7, 2023, how he had obtained Confidential Material from the prior case. Counsel for AerSale also asked Mr. Hardt to "describe precisely what material from the prior proceedings has come into your, any of your clients', your firm's, and/or [Mr. Hardt's partner] Mr. McDonough's possession at any time," and to explain how any such material was acquired. An authentic duplicate of the March 7, 2023 letter is attached hereto as Exhibit C.

27. Mr. Hardt responded via email on March 17, 2023, stating that "following the filing of the present litigation, we were provided the client file from Jetaire's prior litigation counsel." An authentic duplicate of the March 17, 2023 e-mail is attached hereto As Exhibit D.

28. On March 24, 2023, counsel for AerSale sent an e-mail to Mr. Crain, who represented AerSale and Mr. Williams in the case filed in this

Court, asking him to explain who at Thomas Horstmeyer sent the file from the prior litigation, to whom the file was sent, and precisely which documents were sent, among other things. An authentic duplicate of the March 24, 2023 e-mail is attached hereto as Exhibit E.

29. Mr. Crain responded on March 29, 2023: "Counsel: This firm does not represent Jetaire. Please direct your communications to Jetaire's current counsel." An authentic duplicate of Mr. Crain's March 29, 2023 e-mail is attached hereto as Exhibit F.

30. On March 31, 2023, AerSale's counsel replied to Mr. Crain, asking again to whom he and/or his firm had disclosed AerSale's confidential material, and asking for a response by April 4, 2023. An authentic duplicate of the March 31, 2023 e-mail is attached hereto as Exhibit G.

31. Mr. Crain has not responded to the March 31, 2023 e-mail.

32. "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *E.g.*, *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

33. A party seeking civil contempt "must establish by clear and convincing evidence that the alleged contemnor violated the court's

earlier order." *E.g.*, *U.S. v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). "District courts have broad discretion in fashioning civil contempt sanctions." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990).

34.  28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

35.  An attorney multiplies proceedings "unreasonably and vexatiously" by conduct that is "tantamount to bad faith." *E.g.*, *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). The standard does not require malicious intent or a bad purpose; rather, "[t]he term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable under some objective standard." *Id.* at 1239-40.

36.  Any relief ordered under Section 1927 must also "bear a financial nexus to the excess proceedings." *E.g.*, *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

37. AerSale knows that Jetaire's counsel in the pending case has received and has used at least some "Confidential" and "Confidential—Attorneys' Eyes Only" information in violation of the Protective Order entered by this Court. AerSale has also been informed by Jetaire's current counsel that they received the information from Jetaire's prior counsel.

38. AerSale does not know the extent of the disclosure of its confidential material, despite having asked Mr. Crain to describe precisely which of AerSale's documents were shared outside of his firm, and to whom.

39. AerSale does not know, for example, whether only some of its confidential material was mistakenly included when "the file" from the prior case was sent to Jetaire's current attorneys, or whether all of AerSale's documents produced in the first case have been shared with Jetaire's attorneys in the new case.

40. Nor does AerSale know whether anyone at Thomas Horstemeyer has sent AerSale's confidential material to anyone else—Jetaire, Mr. Williams, and/or their patent counsel, for example—in violation of the Protective Order. Mr. Crain has also refused to provide that information, despite AerSale's requests.

41. WHEREFORE, AerSale respectfully requests that the Court issue an order to show cause why Jetaire Aerospace, LLC, Jetaire Flight Systems, LLC, Mr. Williams, and/or Mr. Crain should not be

    a. held in civil contempt for violating the Court's March 13, 2017 Protective Order,

    b. ordered to describe precisely and completely any and all disclosures of AerSale's confidential material by Mr. Crain and/or his firm Thomas Horstemeyer, and

    c. ordered to take any possible remedial action to minimize the impact of any and all such disclosure of AerSale's confidential material in violation of the Court's Protective Order;

and why Mr. Crain (and or any other person in his firm who disclosed AerSale's confidential material in violation of the Protective Order) should not be ordered to pay AerSale's reasonable attorneys' fees incurred in investigating the unauthorized disclosure(s) and bringing this motion. AerSale also requests such further and additional relief as the Court deems just.

Respectfully submitted, this 20th day of April, 2023.

*/s/ Valerie S. Sanders*
Shawn Rafferty (591662)
Valerie S. Sanders (625819)
Eversheds Sutherland (US) LLP
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
404-853-8000 (tel.)
404-853-8806 (fax)
shawnrafferty@eversheds-sutherland.com
valeriesanders@eversheds-sutherland.com

*Counsel for AerSale, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing **Defendant AerSale, Inc.'s Motion for Order to Show Cause** complies with the font and point selections approved by the Court in LR 5.1C. This document was prepared on a computer using the Times New Roman font (14 point).

/s/ *Valerie S. Sanders*
Valerie S. Sanders (625819)

## **CERTIFICATE OF SERVICE**

I certify that I have on this date caused a copy of the foregoing **Defendant AerSale Inc.'s Motion for Order to Show Cause** to be filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of this filing to the parties' attorneys of record.

I further certify that I will this day serve a copy of the foregoing by e-mail upon Plaintiffs' counsel of record addressed as follows:

> N. Andrew Crain (Andrew.Crain@thomashorstemeyer.com; acrain@thip.com)
> Eric G. Maurer (e.maurer@thip.law)
> Adam Thompson (adam.thompson@thomashorstemeyer.com)
> Wesley Roberts (robertsw@gmail.com)

This 20th day of April, 2023

*s/ Valerie S. Sanders*
Valerie S. Sanders (625819)