# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AERSALE, INC., <br><br> Defendant. | CIVIL ACTION NO: 1:16-cv-02970-LMM |
| AERSALE, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC, <br><br> Counter-Defendants. | |
| AERSALE, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MICHAEL D. WILLIAMS, <br><br> Third-Party Defendant. | |

### **DEFENDANT AERSALE, INC.'S RESPONSE IN OPPOSITION TO THOMAS HORSTEMEYER'S AND N. ANDREW CRAIN'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY**

When AerSale discovered that Thomas Horstemeyer ("TH") had violated this Court's protective order (through use of AerSale Confidential Material in depositions in an unrelated matter in the Southern District of Florida), AerSale believed that it would be a straightforward matter to ask TH what Confidential Material they had provided Jetaire's counsel in the Florida matter, when the materials were disclosed, and who was provided access to those materials.

Instead of providing answers to these direct questions, TH essentially ignored AerSale's questions, instead stonewalling and forcing AerSale to file the current motion to show cause. And, to this day, TH has dodged providing answers to which AerSale is entitled to adequately protect its Confidential Material and to seek remediation. AerSale raised each of the issues referenced in its reply brief long before filing its motion, and raised each of the issues referenced in its reply brief in its original motion and brief.

There is no basis on which to strike AerSale's reply brief, and TH's proposed surreply is unauthorized under the rules and (despite its bombastic tone) adds nothing to the factual record before the Court. Accordingly, as discussed further below, TH's motion should be denied.

A. There is No Basis on Which To Strike AerSale's Reply.

TH's first purported basis for its motion to strike AerSale's reply is TH's assertion that "the Court already has granted" AerSale's motion (ECF No. 143 at 2) (emphasis removed). TH cites the order entered by the Court on May 11, 2023 (ECF No. 137), which notes the filing of AerSale's motion for order to show cause and further provides that

> Given the nature of this Motion, the Court will provide the parties an additional opportunity to respond. If the parties wish to issue a response to the Motion, they must file it within **10 days** of the entry of this Order. Without a response, the Court will find the Motion unopposed and may move forward with contempt sanctions.

(*Id.* at 1.) The May 11 Order, by its terms, establishes a deadline for *responding* to AerSale's motion. The order does not grant (or deny) the motion, and does not order any party to show cause why a particular sanction should not be imposed.

TH filed a response to AerSale's motion (ECF No. 139), as did Jetaire Flight Systems, LLC; Jetaire Aerospace, LLC; and Michael Williams (ECF No. 141). Under the Court's Local Rules, AerSale could file a reply within 14 days after that, which it did. AerSale's reply was timely and properly filed in support of a pending motion, and there is no reason to strike it.

TH's second purported basis for its motion to strike is that AerSale's reply "raise[d] new issues not raised in the original motion." (ECF No. 143 at 2.) This is

2

also inaccurate. TH claims that AerSale introduced a "new issue," citing the following sentence from AerSale's reply brief: "AerSale still does not know the extent of the disclosure of its confidential material, including with respect to the order's protections with respect to patent drafting and prosecution." (*Id.*) In fact, AerSale expressly raised these concerns in its original motion (ECF No. 136):

> AerSale does not know the extent of the disclosure of its confidential material, despite having asked Mr. Crain to describe precisely which of AerSale's documents were shared outside of his firm, and to whom. . . . Nor does AerSale know whether anyone at Thomas Horstemeyer has sent AerSale's confidential material to anyone else—Jetaire, Mr. Williams, and/or their patent counsel, for example—in violation of the Protective Order.

(*Id.* ¶¶ 38, 40.) AerSale's original motion also quoted the paragraph of the protective order concerning patent drafting and prosecution (*id.* ¶ 7) and noted that a Thomas Horstemeyer lawyer represented Jetaire Aerospace and Mr. Williams in the prosecution of three patents that issued after this action was filed (*id.* ¶¶ 22-21).

TH's response to AerSale's motion did not address whether AerSale's Confidential Material had been available to Jetaire's patent counsel, but AerSale indisputably raised that question in its original motion, and merely reiterated its (unresolved) concern in its reply.[1]

---

[1] TH repeatedly characterizes AerSale's questions about the use and disposition of its Confidential Material as "rank speculation" (ECF No. 143 at 2; *see also* 143-1

3

AerSale properly and timely filed its reply in support of a pending motion, and that reply included no issues not raised by its original motion. TH's motion to strike AerSale's reply brief should be denied.

B. There is No Reason to Permit a Surreply.

Nor is there any reason to permit TH a surreply. "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies. Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *E.g. Boadi v. JPMorgan Chase Bank, N.A.*, No. 1:20-cv-4771-WMR-JKL, 2021 WL 2451746, at * 2 (N.D. Ga. Feb. 24, 2021). As explained above, AerSale's reply raised no new arguments.

And in any event, the proposed surreply is merely repetitive of TH's prior brief. *See Benton v. Cousins Props., Inc.*, 230 F. Supp. 2d 1351, 1366 (N.D. Ga. 2002) (denying motion for leave to file surreply where "[p]laintiff has not provided the Court with any explanation for why a sur-reply is warranted in this case, other than that the plaintiff wanted to repeat and expand her arguments made in her

---

at 5 ("rampant speculation")), but it is in TH's sole power to provide a full account of its use and disposition of the material. So far, it has refused to do that.

4

initial response briefs"); *Smith v. Specialized Loan Servicing, LLC*, No. 1:17-cv-02940-LMM-RGV, 2018 WL 4856039, at *4 (N.D. Ga. July 19, 2018) (denying motion for leave to file surreply where "the arguments in her sur-reply largely repeat those made in her response and the sur-reply serves only to reiterate [the party's] position and emphasize her arguments").[2]

TH's proposed surreply rehashes its prior arguments but, like its initial response brief, fails to provide anything close to a full account of the scope of TH's disclosure of AerSale's Confidential Material. Mr. Crain's declaration accompanying the proposed surreply offers information only to the extent of Mr. Crain's "personal knowledge," without reference to TH's records with respect to use of documents in its possession, including whether the records were accessible (or accessed) by Jetaire's patent counsel. And while TH's proposed surreply does not dispute that TH transferred AerSale's information without notice to AerSale or the Court, neither the proposed surreply nor the accompanying declaration describes the universe of AerSale's Confidential Material (as included in Bates-numbered documents, deposition or hearing transcripts, or otherwise) transferred.

---

[2] Indeed, the proposed surreply does not even address AerSale's questions about the availability of its Confidential Material to Jetaire's patent counsel—the alleged "new issue" claimed to warrant additional briefing—until several pages into the brief.

5

Nor does the proposed surreply or the accompanying declaration claim—much less provide evidence—that Jetaire's new lawyers agreed to be bound by this Court's protective order, or that they offered any assurance that they would use AerSale's Confidential Material only in this case. And the proposed surreply and accompanying declaration do not dispute that Jetaire's current counsel have, in fact, used AerSale's Confidential Material in another case, without prior notice to AerSale, as prohibited by the plain terms of this Court's protective order. The proposed surreply, besides being unauthorized by the rules and unjustified by any "new issue," adds virtually nothing to the factual record before the Court.

Accordingly, and for the reasons discussed above, TH's motion to strike AerSale's reply brief or, in the alternative, for leave to file a surreply, should be denied.

                                        /s/ Valerie S. Sanders
                                        Shawn Rafferty (591662)
                                        Valerie S. Sanders (625819)
                                        Eversheds Sutherland (US) LLP
                                        999 Peachtree Street NE, Suite 2300
                                        Atlanta, Georgia 30309
                                        404-853-8000 (tel.)
                                        404-853-8806 (fax)
                                        shawnrafferty@eversheds-sutherland.com
                                        valeriesanders@eversheds-sutherland.com

                                        *Counsel for AerSale, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing **Defendant AerSale, Inc.'s Response in Opposition to Thomas Horstemeyer's and N. Andrew Crain's Motion to Strike or For Leave to File Surreply** complies with the font and point selections approved by the Court in LR 5.1C. This document was prepared on a computer using the Times New Roman font (14 point).

*/s/ Valerie S. Sanders*
Valerie S. Sanders (625819)

## **CERTIFICATE OF SERVICE**

I certify that I have on this date caused a copy of the foregoing **Defendant AerSale, Inc.'s Response in Opposition to Thomas Horstemeyer's and N. Andrew Crain's Motion to Strike or For Leave to File Surreply** to be filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of this filing to the parties' attorneys of record.

This 22nd day of June, 2023.

*s/ Valerie S. Sanders*
Valerie S. Sanders (625819)