**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC, <br><br>     Plaintiffs, <br><br> v. <br><br> AERSALE, INC., <br><br>     Defendant. | CIVIL ACTION NO. 1:16-cv-02970-LMM |
| AERSALE, INC., <br><br>     Counter-Plaintiff, <br><br> v. <br><br> JETAIRE AEROSPACE, LLC and JETAIRE FLIGHT SYSTEMS, LLC <br><br>     Counter-Defendants. | |
| AERSALE, INC., <br><br>     Third-Party Plaintiff, <br><br> v. <br><br> MICHAEL D. WILLIAMS <br><br>     Third-Party Defendant. | |

**REPLY IN SUPPORT OF MOTION TO STRIKE AERSALE'S REPLY
IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE OR,
IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

1

Contrary to Aersale's position, its reply was not permitted by the Court's Order, Doc. 137, which provided an "additional opportunity" to respond, outside the normal briefing schedule provided by the local rules and with no mention of a reply:

> Given the nature of this Motion, the Court will provide the parties an **additional opportunity** to respond. If the parties wish to issue a response to the Motion, they must file it within 10 days of the entry of this Order. Without a response, the Court will find the Motion unopposed and may move forward with contempt sanctions.

Accordingly, the Court should strike the reply for being filed without leave of Court.

The Court also should strike the reply because it raises new issues beyond the issue raised in Aersale's motion: alleged use of confidential material in the Florida litigation. That this is true is demonstrated by the opening paragraph of Aersale's response to this motion, by what it *says* and by what it *does not say*:

> When AerSale discovered that Thomas Horstemeyer ("TH") had violated this Court's protective order (**through use of AerSale Confidential Material in depositions in an unrelated matter in the Southern District of Florida**), AerSale believed that it would be a straightforward matter to ask TH what Confidential Material they had provided Jetaire's counsel in the Florida matter, when the materials were disclosed, and who was provided access to those materials.

Doc. 144, ECF p.2 (emphasis added). Glaringly absent from Aersale's statement is any claim that it "discovered" facts that would support a claim that Thomas Horstemeyer or Mr. Crain disclosed any of Aersale's confidential materials to anyone else, such as Jetaire's patent counsel. There are no such facts.

Aersale then uses its unsanctioned reply to conjure an entirely new but equally unsubstantiated assertion based on nothing but speculation regarding whether or not Jetaire's patent counsel received access to documents in violation of *any* protective order despite even this assertion already having been debunked. Doc. 139, p.10 ("Neither Mr. Crain nor Thomas Horstemeyer LLP has disclosed Aersale's confidential materials other than as described above.").

Aersale contends that its speculation of disclosure to Jetaire's patent counsel is not new. Doc. 144, ECF pp.2 *et seq.* Aersale strains to identify five paragraphs—out of a 41-paragraph motion—in support of its contention. A mere one of the five paragraphs—paragraph 21—even mentions Jetaire's patent counsel, Mr. Jason Perilla. And while the penultimate paragraph does include the phrase "their patent counsel, for example," this aside does not transform the entire motion from one relating to the Florida litigation into something else entirely. The Court should strike the reply and address the only issue raised in the motion: alleged violation of the protective order related to the Florida litigation.

Nevertheless, if the Court is inclined to permit the reply, the Court also should permit Mr. Crain's and Thomas Horstemeyer's surreply. Aersale takes issue with the fact that the new issue is not addressed "until several pages into the brief." Doc. 144, ECF p.6 n.2. Indeed, there is very good reason for this. In the surreply,

before Mr. Crain could respond to the new issue raised on reply, he sought to clear up any misconceptions regarding his first declaration, taking great pains to point out that each allegation raised by Aersale was responded to directly. Mr. Crain believed that this was necessary in light of Aersale's nitpicking of his first declaration.

Mr. Crain's concerns clearly were warranted, as Aersale falsely contends that "it is in TH's sole power to provide a full account of its use and disposition of the material. So far, it has refused to do that." Doc. 144, ECF p.5 n.1. Yet Aersale blatantly ignores Mr. Crain's first declaration in which he provided a detailed accounting. Doc. 139-1. Now, Aersale amazingly asks the Court to exclude Mr. Crain's supplemental declaration, in which he sought to resolve all of Aersale's claims as to any other speculated disclosure. On the one hand, Aersale keeps modifying its position based on what it contends was *not* said in Mr. Crain's declaration, while on the other hand, seeking to exclude Mr. Crain's supplementation offered to respond to Aersale's constantly shifting baseless allegations.

Now, Aersale reverts to asking for details, contending that the Court should reject Mr. Crain's supplemental declaration because he did not make a representation that "describes the universe of AerSale's Confidential Material (as included in Bates-numbered documents, deposition or hearing transcripts, or otherwise)" or "that Jetaire's new lawyers agreed to be bound by this Court's protective order, or

4

that they offered any assurance that they would use AerSale's Confidential Material only in this case." Doc. 144, ECF pp.5–6. No matter the representations that Mr. Crain makes—whether broad or detailed—nothing will satiate Aersale's demands.

Aersale also attacks the surreply and Mr. Crain's supplemental declaration for "not disput[ing] that Jetaire's current counsel have, in fact, used AerSale's Confidential Material in another case, without prior notice to AerSale, as prohibited by the plain terms of this Court's protective order." Doc. 144, ECF p.7. Yet in Mr. Crain's and Thomas Horstemeyer's response to the Court's order, they expressly stated that "Aersale fails to identify or disclose the documents allegedly at issue in its motion, unfairly prejudicing Mr. Crain in responding to the instant motion." Doc. 139, p.2. Mr. Crain also testified, "Stated another way, if any files transferred from the law firm of Thomas Horstemeyer LLP to the law firm of Heninger Garrison Davis, LLC were used in any way in the Florida litigation proceeding, it was without my knowledge, consent, or input." Doc. 139-1 ¶ 22. To this day, Aersale has refused to identify the documents allegedly used in the Florida litigation. As stated in the response brief, that alone should justify the denial of Aersale's motion.

In light of the foregoing, the Court should strike the reply brief and limit this matter solely to the issue raised in Aersale's motion: the alleged use of document in

the Florida litigation. If the Court is inclined to permit the reply brief, the Court also should permit the surreply.

At the end of the day—and as has been made abundantly clear—no information from the prior litigation before this Court or the separate arbitration was ever improperly communicated to any unauthorized party or otherwise used in any inappropriate manner by anyone at Thomas Horstemeyer, and Aersale does not *and cannot* contend otherwise.  And as such, Mr. Crain and Thomas Horstemeyer look forward to having their day in Court so that the Court can be assured that Mr. Crain and Thomas Horstemeyer are in full compliance with the Court's orders.

Respectfully submitted this 6th day of July, 2023,

/s/ Charles M. Landrum III

Charles M. Landrum III
Georgia Bar No. 312056
c.landrum@thip.law

THOMAS HORSTEMEYER LLP
3200 Windy Hill Rd. SE Suite 1600E
Atlanta, Georgia 30339
Phone: (770) 933-9500
Fax: (770) 951-0933

*Counsel for Thomas Horstemeyer LLP
and N. Andrew Crain*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JETAIRE AEROSPACE, LLC and
JETAIRE FLIGHT SYSTEMS, LLC,

      Plaintiffs,

v.

AERSALE, INC.,

      Defendant.

CIVIL ACTION NO.
1:16-cv-02970-LMM

**CERTIFICATE OF SERVICE**

      Pursuant to Section II of the Standing Order Regarding Civil Litigation, the undersigned hereby states that on July 6, 2023, the foregoing *Reply in Support of Motion to Strike Aersale's Reply in Support of Its Motion for Order to Show Cause or, in the Alternative, for Leave to File a Surreply* was filed with the Court's CM/ECF system which automatically will send e-mail notification of such filing to all attorneys of record.

/s/ Charles M. Landrum III

Charles M. Landrum III
Georgia Bar No. 312056
c.landrum@thip.law

THOMAS HORSTEMEYER LLP
3200 Windy Hill Rd. SE Suite 1600E
Atlanta, Georgia 30339
Phone: (770) 933-9500
Fax: (770) 951-0933

*Counsel for Thomas Horstemeyer LLP
and N. Andrew Crain*